IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:05-cr-00080-JAG-2

ANTHONY T. MORRISON,

Defendant.

## MEMORANDUM OPINION

This matter is before the Court on defendant Anthony Morrison's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The issue before the Court is whether Morrison, as a career offender, is eligible for a sentence reduction due to a subsequent revision to the Drug Quantity Table of the U.S. Sentencing Guidelines. *See* U.S.S.G. App. C, Amend. 750 (2011). The Court holds, based on *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010), and U.S.S.G. § 1B1.10, that Morrison was sentenced as a career offender, and therefore, a reduction is not authorized by 18 U.S.C. § 3582(c)(2). Furthermore, because Morrison was sentenced as a career offender, the holding in *Freeman v. United States*, 131 S. Ct. 2685 (2011), is inapplicable, despite the defendant's arguments to the contrary. For these reasons, the Court shall deny the defendant's motion.

### I. Statement of Facts

Morrison entered a guilty plea to conspiracy to distribute five grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 846. His guideline range, based on an offense level of 23 and a criminal history category of VI, was 92 to 115 months. Due to past convictions, however, Morrison was classified as a career offender pursuant to U.S.S.G. § 4B1.1,

which increased his total offense level to 34 and criminal history category to VI. He then received a three-point reduction for acceptance of responsibility, resulting in a guideline range of 188-235 months. The sentencing judge, the late Richard L. Williams, Senior U.S. District Judge, clarified that the defendant's range was "188 to 235 months" because of his "career offender designations." (Sentencing Tr.) In response to the defendant's objections, he later stated, "Because he is a career offender actual criminal history points are not relevant. As a career offender his criminal history category is six and offense level total is 31." (*Id.*) The Court went on to overrule all the defendant's objections to the PSR. After resolving those objections, Judge Williams stated, "Accordingly, the sentence range is 180 to 235 months[1]; however, despite this [t]he Court finds that a sentence within the advisory range would not be reasonable in this case given the factors in [S]ection 3553(a) [a]nd finds that a sentence in the range of 120 to 130 months would be reasonable." (*Id.*) The Court then heard Morrison's statement and sentenced him to 120 months imprisonment, a term between the range calculated for his base offense and the career offender range. In closing, the Court adopted the PSR without any changes.

Subsequent to Morrison's sentencing, the U.S. Sentencing Commission adopted Amendment 750, which reduced the base offense level for crack cocaine as provided in U.S.S.G. § 2D1.10.[2] *See* U.S.S.G. App. C, Amend. 750 (2011). Morrison filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence according to the lower crack cocaine offense levels. Morrison contends that "the Court sentenced [him] to a term of imprisonment that clearly correlates to the then-applicable crack cocaine guidelines," and, therefore, "it is

---

[1] The range stated earlier, 188 to 235 months, was correct; here, the Court simply misspoke.
[2] Amendment 759 made this change retroactive, effective November 1, 2011, by incorporation into U.S.S.G. § 1B1.10(c). *See* U.S.S.G. App. C, Amend. 759 (2011).

2

logical to conclude that the court used a sentencing range that has been lowered." (Dk. No. 70 at 8.)

Since the revised Drug Quantity Table would yield a guideline range of 51-63 months, the defendant argues that his sentence should be reduced to 68 months. Like his previous 120-month sentence, this term would be five months above the high end of the guideline range. The government argues that Morrison was not sentenced based on the crack cocaine guideline range, which is derived from U.S.S.G. § 2D1.10, but rather on the career offender guideline range, which comes from U.S.S.G. § 4B1.1. Since the career offender guideline range is unaffected by Amendments 750 and 759, the government argues that Morrison is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## II. Applicable Law

A criminal sentencing constitutes a final judgment, and courts have limited authority to reduce a sentence after it has been imposed. *See* 18 U.S.C. § 3582(b); *Freeman v. United States,* 131 S. Ct. 2685, 2690 (2011) ("Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed. . . .") (internal quotation marks omitted); *United States v. Munn,* 595 F.3d 183, 187 (4th Cir. 2010). Before granting a motion to reduce a sentence, the Court must engage in a two-step inquiry: (1) determine the scope of reduction authorized by § 3582(c)(2) and § 1B1.10, and (2) determine whether a reduction is warranted in light of the factors listed in § 3582(a).[3] *Dillon v. United States,* 130 S. Ct. 2683, 2686 (2010). The first prong of the analysis is the critical one for the Court's purposes.

---

[3] 18 U.S.C. § 3582(a), which references 18 U.S.C. § 3553(a), requires courts to consider, *inter alia,* the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct.

3

Under 18 U.S.C. § 3582(c)(2), a court may grant a motion for a reduction in sentence for a defendant who (1) "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) such reduction is "consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement in this case is U.S.S.G. § 1B1.10. Application Note 1(A) to § 1B1.10 clarifies that a reduction is inconsistent with the policy statement if the change to the Sentencing Manual "does not have the effect of lowering the defendant's *applicable guideline range* because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. 1(A) (2011) (emphasis added).

In short, Morrison must establish two distinct elements to show that he is even eligible for a reduction: (1) that the sentencing judge relied on the crack cocaine provision of the Sentencing Manual in imposing a sentence of 120 months, and (2) that the "applicable guideline range" that served as the basis for sentencing was also based on the crack cocaine provision, not the career offender provision. Both § 3582(c)(2) and the policy statement in § 1B1.10 make it clear that a defendant is ineligible for a sentence reduction if his applicable guideline range was based on a sentencing guideline that is unaffected by a retroactive amendment.[4] As a result, even the defendant concedes that he is ineligible for relief under § 1B1.10.[5]

---

[4] "Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined *before consideration of any departure provision* in the Guidelines Manual or any variance). . . ." U.S.S.G. § 1B1.10 cmt. 1(A) (2011) (emphasis added). Consequently, Morrison's applicable guideline range is the career offender range of 188 to 235 months, not the 120 to 130 month range that Judge Williams openly contemplated.

[5] "Under the U.S.S.G. § 1B1.10 analysis, Mr. Morrison concedes that he would be ineligible for a sentence reduction. Under U.S.S.G. § 1B1.10, the Court would need to consider Mr. Morrison's applicable guideline range *before* the downward variance." (Dk. No. 70 at 6.) Based

4

Nevertheless, the defendant argues that the Supreme Court's recent decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011), may be interpreted to permit a reduction in this instance, even if he is ineligible under § 1B1.10. In *Freeman v. United States*, the Supreme Court found an additional basis for granting a defendant a reduction in sentence. It held that when a binding plea agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring). At times, the Court also used more expansive language, suggesting freer rein for district courts to grant sentence reductions. *See, e.g., id.* at 2690 ("There is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range.") (plurality opinion). More importantly, the defendant contends that "§ 3582(c)(2), as interpreted by the Supreme Court in *Freeman*, must prevail over U.S.S.G. § 1B1.10" because the sentencing provision violates the congressional statute. The issue before this Court, consequently, is whether *Freeman* affords the defendant any grounds for relief.

### III. Discussion

Since the parties agree that the defendant, as a designated career offender, is ineligible for relief under § 1B1.10, the Court will proceed immediately to a discussion of *Freeman*. Morrison urges the Court to hold that § 3582(c)(2), as interpreted in *Freeman*, conflicts with and therefore supersedes U.S.S.G. §1B1.10.

In *Freeman*, the defendant was indicted for possession with intent to distribute crack cocaine, and possession of a firearm in furtherance of a drug-trafficking crime. Freeman and the

---

on this statement, the Court disregards the defendant's earlier argument that he is, in fact, eligible for relief under this Section of the Sentencing Guidelines. (*See id.* at 2.)

5

government entered into a binding plea agreement imposing a sentence of 106 months: 46 months for the crack cocaine charge, and 60 months for the firearm charge. The plea agreement expressly referred to the Sentencing Guidelines: "[Freeman] agrees to have his sentence determined pursuant to the Sentencing Guidelines." *Freeman*, 131 S. Ct. at 2691. The sentencing judge accepted the plea agreement and sentenced Freeman accordingly. When the Sentencing Commission later reduced the Drug Quantity Table, Freeman filed a motion for a reduced sentence. The District Court denied this motion, holding that Freeman's sentence was based on the plea agreement itself, not on the crack cocaine guidelines. *United States v. Freeman*, No. 3:04CR98-J, 2008 WL 8116991 (W.D. Ky. Dec. 31, 2008), *aff'd sub nom., United States v. Goins*, 355 F. App'x 1 (6th Cir. 2009), *rev'd sub nom., Freeman v. United States*, 131 S. Ct. 2685 (2011). The Supreme Court reversed, holding that when a binding plea agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring).[6]

*Freeman* is inapplicable to Morrison's case mainly for two reasons. First, Freeman's sentence was based on a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).[7] As a result, the issue before the Court in *Freeman* was whether a sentence imposed pursuant to a binding plea agreement is based on the applicable guideline range or whether it is based on the

---

[6] In *Freeman*, the Court lacked a majority opinion. Justice Sotomayor's concurring opinion is controlling because it concurs in the judgment on the narrowest grounds. *See United States v. Brown*, 653 F.3d 337 (4th Cir. 2011) (citing *A. T. Massey Coal Co. v. Massanari*, 305 F.3d 226, 236 (4th Cir. 2002)).

[7] By contrast, Morrison's plea agreement provided that "the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a)." In other words, there was no language in Morrison's plea agreement that rendered the career offender provision inapplicable to his sentence.

6

plea agreement itself when the agreement explicitly states that the parties agree to a sentence within the guidelines. This question relates only to the first requirement of 18 U.S.C. § 3582(c)(2), namely, that a sentence must be "based on" a subsequently changed sentencing guideline. The Court in *Freeman* did not address whether a career offender convicted of a crack cocaine offense is eligible for a reduced sentence in light of the policy statement in U.S.S.G. § 1B1.10. It also did not say anything about plea agreements that do not explicitly refer to the Sentencing Guidelines. Second, Freeman, unlike Morrison, was not sentenced under the career offender provision; his term of imprisonment was "based on" a guideline range derived from the crack cocaine provision.[8] *Id.* at 2699–2700 ("[I]t is evident that Freeman's agreement employed the 46-month figure at the bottom end of this sentencing range, in combination with the 60-month mandatory minimum sentence under § 924(c)(1)(A), to establish his 106-month sentence.") Stated differently, the court expressly sentenced Freeman "within the guideline range[ ]" for crack cocaine, *id.* at 2691, but this was not the case for Morrison. For these reasons, *Freeman* does not establish Morrison's eligibility for a sentence reduction.

Morrison argues, nonetheless, that his interpretation of *Freeman* finds support in *United States v. Ware*, 840 F. Supp. 2d 850 (E.D. Pa. 2012). In *Ware*, the defendant was convicted of crack cocaine offenses and was classified as a career offender. The guideline range under the career offender provision was 262-327 months, but the court imposed a sentence of 128 months. *Id.* at 853-54. In imposing this sentence, the court relied explicitly on the crack cocaine guidelines:

> Had you not been designated a Career Offender, the Guidelines would have been 57 to 71 months. *The midpoint of that Guideline range is 64 months*, that's the sentence you probably would have faced had you [not been designated a Career Offender], but because you are a

---

[8] Freeman's 60-month sentence for a firearm offense was unaffected and was not an issue on appeal.

7

Career Offender I'm going to have to enhance that Guideline, I'm going to have to increase it. *I'm going to double it*, I'm sentencing you to 128 months['] incarceration, well under the low end of the Career Offender guideline, but certainly a sentence that I think will send the word out, you can't deal drugs within 1,000 feet of a school.

*Id.* (emphasis added).

Although the court acknowledged that U.S.S.G. § 1B1.10 demands a different result, it concluded that § 1B1.10 was inconsistent with *Freeman* and "impermissibly restrains the Court's discretion to reduce the sentence of incarceration." *Id.* at 862.

Several courts have rejected the holding in *Ware* for failure to adhere to the requirements of § 1B1.10. *See, e.g., United States v. Carrigan*, No. 3:04CR250, 2012 WL 716159, at *8 n.7 (M.D. Pa. Mar. 5, 2012) ("We respectfully disagree with the reasoning in *United States v. Ware* to the extent that it ignores the second requirement under Section 3582(c)(2)."); *United States v. Hilliard*, No. 05–175, 2012 WL 425968, at *6 n.3 (W.D. Pa. Feb. 9, 2012) ("This Court respectfully disagrees with the analysis employed by the District Court in *Ware*, which relies on prior policy and precedent in support of its decision. . . ."). Most importantly, only days ago, the Third Circuit reversed the district court's decision reducing Ware's sentence. In doing so, it expressly held that the amendments to the Sentencing Guidelines do not "apply to defendants who, like Ware . . . , were originally sentenced on the basis of variances . . . from a guideline range not affected by the amendments," which, in Ware's case, was the career offender range. *United States v. Ware*, 2012 WL 4216831, at *1 (E.D. Pa. Sept. 21, 2012). Morrison's position is materially indistinguishable from Ware's. His argument must likewise be rejected.

Like the Third Circuit, this Court finds no conflict between § 3582(c) and the application of U.S.S.G. § 1B1.10 to the defendant's case.[9] *Freeman* does nothing to unsettle this conclusion,

---

[9] "Not only did Congress intend to incorporate the Commission's policy statements into § 3582(c)(2), but the policy statement and § 3582(c)(2) are complementary. The first prong of §

8

for it addressed neither the career offender provision nor the effect of a variance from the applicable guideline range. Since there is no conflict between § 1B1.10 and § 3582(c), this Court is not convinced that the Supreme Court rejected § 1B1.10's prohibition on relief for career offenders.[10]

The policy statement in U.S.S.G. § 1B1.10 forecloses Morrison's argument that this Court has authority to reduce his sentence. It is therefore unnecessary to inquire into whether a reduction is warranted in light of the factors in 18 U.S.C. § 3582(a).

### IV. Conclusion

For the reasons set forth above, the Court shall deny the defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).

The Court shall enter an appropriate order.

Date: September 28, 2012
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

3582(c)(2) requires that a defendant have been sentenced based on a sentencing range that has subsequently been lowered. The policy statement requires that the amendment must have actually had the effect of lowering the Guideline range. Although the policy statement is narrower, it certainly does not run contrary to § 3582(c)(2)." *Ware*, 2012 WL 4216831, at *5.

[10] The defendant also argues that interpretation of § 1B1.10 "fail[s] to support the goals of the Fair Sentencing Act, which aimed to 'restore fairness to Federal cocaine sentencing' and to 'provide cocaine sentencing disparity reduction.' Fair Sentencing Act, Pub. L. No. 111-200, 124 Stat. 2372 (2010)." (Dk. No. 70 at 9.) Because the Court concludes that *Freeman* created no conflict between § 1B1.10 and § 3582(c), this argument will not be addressed.